IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

NAVASHIA AKINS                                                                              PLAINTIFF

v.                                              No. 4:25-cv-1127-DPM

UBER TECHNOLOGIES, INC.                                                       DEFENDANT

## ORDER

**1.** Akins's application to proceed *in forma pauperis*, Doc. 1, is granted, but she must still pay the filing fee over time. With the power to waive all fees comes "the lesser power to set partial fees." *Olivares v. Marshall*, 59 F.3d 109, 111 (9th Cir. 1995) (listing cases including *In re Williamson*, 786 F.2d 1336, 1339–41 (8th Cir. 1986)). Since May, Akins has filed seven suits in this district seeking *in forma pauperis* status in each. This Court is open to all, but judicial resources are limited. Time spent on each case necessarily reduces the time available to work on other cases. Filing fees help pay for court operations. And they create an incentive for litigants to file meritorious cases rather than frivolous ones. Starting with this case, therefore, the Court will begin assessing the filing fee in all later cases assigned to me that Akins has filed or files. The Court assesses an initial partial filing fee of $10. Akins must pay it by 10 January 2026. She must also pay $10 by the 10th of each following month until the entire $405 filing fee is satisfied. If she does not pay

these fees in each case, her complaint in that case will be dismissed without prejudice. *Olivares*, 59 F.3d at 112.

**2.** The Court must screen Akins's complaint. 28 U.S.C. § 1915(e)(2). Akins, a former Uber driver, says that Uber violated its platform access agreement. She says it locked her out of its driver platform on receipt of an incorrect background report from Checkr, Inc. *Doc. 2 at 2*. Although Checkr, Inc. has since corrected the report, Akins has been unsuccessful in reactivating her driving privileges with Uber. She sues Uber for breach of contract, refusing to arbitrate her claims, and under the Fair Credit Reporting Act, 15 U.S.C. § 1681b(b)(3). Akins alleges that Uber failed to provide her with "pre-adverse or adverse-action notices" as required under the FCRA before denying her access to its driver platform. She asks that her Uber driver access be reinstated and for damages. She has stated plausible contract and FCRA claims.

**3.** The Clerk must prepare summons for Uber, Inc. The Clerk must provide copies of the summons, the complaint, and this Order to the Marshal, who is directed to serve process, without prepayment of fees, by registered mail, restricted delivery, return receipt required, on Uber, Inc.'s registered agent listed in Akins's Complaint as CT Corporation System, 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201. The Court directs the Marshal to serve process, without prepayment of fees, by registered mail, restricted deliver,

return receipt required on any registered agent, officer, managing agent, or any other agent authorized to receive service at Uber, Inc., 1725 Third Street, San Francisco, California 94158.

So Ordered.

*WPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

5 December 2025